# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONWIDE GENERAL INSURANCE COMPANY<br>1 Nationwide Plaza<br>Columbus, Ohio 43215-2220<br><br>vs.<br><br>DIETMAR ACKERMANN<br>265 Ellis Avenue, Apartment 12<br>Hermitage, PA 16148-2600<br><br>and<br><br>GENERAL INSURANCE COMPANY OF AMERICA<br>P.O. Box 515097<br>Los Angeles, CA 90051 | NO.   2:20-cv-599 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Nationwide General Insurance Company, by and through its undersigned counsel, The Mayers Firm, LLC, files this Complaint for Declaratory Judgment, and in support thereof, states as follows:

## I. JURISDICTION AND VENUE

1. This is an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states and the amount in controversy exceeds $75,000.

3. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b), in that the Defendant resides within the Western District of Pennsylvania, and because a substantial part of the events giving rise to this claim occurred in Hermitage, Mercer County,

Pennsylvania, as that is where the subject Nationwide General Insurance Company Tenant insurance policy was issued within the jurisdiction of the Western District of Pennsylvania.

## II. **PARTIES**

4. Plaintiff in this action, Nationwide General Insurance Company (hereinafter "Nationwide"), is an insurance company with a principal place of business at the above captioned address who is licensed and authorized to underwrite and sell insurance policies within the Commonwealth of Pennsylvania.

5. Defendant, Dietmar Ackermann, is an adult individual and citizen of the Commonwealth of Pennsylvania who at all times material hereto resided at the above-captioned address, and at all times material hereto was the named insured on a Tenant policy number 54 37 HP 222984 issued by Plaintiff Nationwide.

6. Defendant, General Insurance Company of America, upon information and belief, was an insurance company licensed to write tenant insurance policies and/or fire insurance policies in the Commonwealth of Pennsylvania, who regularly conducted business in the Commonwealth of Pennsylvania.

7. Upon information and belief, Defendant, General Insurance Company of America (hereinafter "General"), at all times material hereto, issued a renter's policy/fire insurance policy or other liability policy to Defendant Dietmar Ackermann for the property at 265 Ellis Avenue, Apartment 12, Hermitage, Pennsylvania.

## III. NATURE OF THE ACTION/STATEMENT OF FACTS

8. This is an action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201. Within this action, Nationwide seeks a determination of its rights and obligations under a Tenant policy issued by Nationwide to Defendant Dietmar Ackermann, namely Tenant policy 54 37 HP 222984, which was cancelled prior to a fire loss that occurred on March 20, 2018. (A true and correct certified copy of Nationwide Tenant policy 54 37 HP 222984 is attached hereto as Exhibit "A").

9. At the time of the aforementioned fire loss on March 20, 2018, Defendant Ackermann was insured by General. Nationwide is not in possession of a copy of the General tenant/renters policy.

10. The Nationwide Tenant policy issued to Defendant Ackermann was issued for the policy period July 10, 2014 to July 10, 2015.

11. In association with the Nationwide Tenant policy, Defendant Ackermann arranged to have monthly electronic fund transfer ("EFT") withdraws of $14.71 to pay the premiums associated with the Nationwide policy.

12. On February 1, 2015 (three years prior to the subject fire), Defendant Ackermann contacted Nationwide and notified Nationwide of his desire to cancel the Nationwide Tenant policy 54 37 HP 222984.

13. Defendant Ackermann sent Nationwide the following written correspondence expressing his intent to cancel the policy.

## CANCELLATION REQUEST

Name: Dietmar Ackerman
Address: 4400 Clifford Drive
Hermitage, Pa 16101

Insurance Co: Nationwide
Agent: Smith Agency
Phone: 412-927-1303
Fax: 412-927-1309

Cancellation Date: 2/1/2015

Policies Included:

Home     #5437HP222-984

Please cancel the above policies as of the stated cancellation date. I have secured insurance through another insurance company, which will be placed in force at the stated date.

Signature: _Dietmar Ackerman_  Date 1-7-15

Dietmar Ackerman

**PLEASE CANCEL MY AUTOMATIC DEDUCTIONS IMMEDIATELY !**

14. The cancellation notice was signed by Defendant Ackermann on January 7, 2015, and the cancellation was effective February 1, 2015.

15. The cancellation request also included proof of application for insurance with Erie Insurance. A true and correct copy of the Erie application and cancellation request is attached collectively as Exhibit "B".

16. At the bottom of the notice set forth above in the previous paragraph, Defendant Ackermann wrote in capitalized letters "PLEASE CANCEL MY AUTOMATIC DEDUCTIONS IMMEDIATELY!".

17. Contemporaneously with the above referenced Notice of Cancellation, Defendant Ackermann advised Nationwide that he had secured renters insurance with another carrier effective February 1, 2015.

18. Nationwide was advised that this company was "Safeco."

4

19. Upon information and belief, the policy in effect at the time of the fire loss of March 20, 2018 was underwritten by Defendant General.

20. Nationwide Tenant policy 54 37 HP 222984 is to Defendant Ackermann states as follows:

>**GENERAL POLICY CONDITIONS**
>
>**Page L2**
>
>**5. Cancellation during policy period**
>Any named **insured** may cancel this policy at any time by returning it to **us** or by notifying **us** in writing of the future date cancellation is to take effect.
>
>**We** may cancel this policy only for the reasons stated in this condition by notifying **you** in writing of the date cancellation takes effect.
>
>a) When this policy has been in effect for less than 60 days and is not a renewal, **we** may cancel for any reason by notifying **you** at least 30 days before the cancellation takes effect.
>
>b) When this policy has been in effect for 60 days or more, or at any time if it is a renewal, **we** may cancel only for one or more of the following reasons by notifying **you** at least 30 days prior to the proposed cancellation date:
>
>>(1) this policy was obtained through material misrepresentation, fraudulent statements, omissions or concealment of fact material to the acceptance of this risk or to the hazard assumed by **us**;
>>
>>(2) there has been a substantial change or increase in hazard in the risk assumed by **us** subsequent to the date the policy was issued;
>>
>>(3) there is a substantial increase in hazards insured against by reason of willful or negligent acts or omission by **you**;

5

        (4)    **you** have failed to pay the premium by the due date, whether payable to **us** or to **our** agent or under any finance or credit plan; or

        (5)    for any other reason approved by the Pennsylvania Insurance Commissioner.

This provision shall not apply if **you** have demonstrated by some overt action to **us** or to **our** agent that **you** wish the policy to be cancelled.
Delivery of such written notice by **us** to **you** at the mailing address shown in the policy or at a forwarding address shall be equivalent to mailing. Proof of mailing will be proof of notice.

When this policy is cancelled, the premium for the period from the date of cancellation to the premium payment date will be refunded. The return premium will be pro rata. If the return premium is not refunded with the notice of cancellation or when the policy is returned to **us, we** will refund it within a reasonable time after cancellation takes effect.

(See Exhibit "A" at p. L2)

21. Despite the cancellation notice identified above, and despite Defendant Ackermann's request that the automatic fund transfer funds payments be cancelled, Nationwide continued to take withdraws of the premium payments until June of 2019, over 15 months after the date of the subject fire.

22. In or around June of 2015, Defendant Ackermann realized that the payments, which had been showing up on his monthly bank statements, were continuing to be made to Nationwide and demanded that the payments be stopped and that all premium payments from February 1, 2015 forward be reimbursed to him by Nationwide.

23. Thereafter, Nationwide immediately reimbursed Defendant Ackermann for all premiums paid from February 1, 2015 onward.

24. As set forth above, Nationwide refunded all premiums from February 1, 2015 forward to Defendant Ackermann.

25. As a result, Defendant Ackermann has paid no premium to Nationwide.

26. A fire occurred on March 20, 2018 which allegedly started in the apartment of Defendant Ackermann at the insured address.

27. At the time of the fire in March of 2018, Defendant Ackermann had a renters/tenant policy with Defendant General.

28. Upon information and belief, Defendant General does not deny that it owes coverage for the claims of other building residents arising from the fire of March 20, 2018.

29. Nationwide asserts that because it collected premiums only in error and because Defendant Ackermann affirmatively and explicitly cancelled the Nationwide Tenant policy years prior to the loss, Nationwide has no coverage for the fire loss that occurred on March 20, 2018.

30. Nationwide now files this Declaratory Judgment action seeking a Declaration from the Court that it has no duty to provide coverage to Defendant Ackermann for the damages that have arisen from the March 20, 2018 fire. including but not limited to, third party liability coverages to those persons making claims against Defendant Ackermann for allegedly having negligently caused the fire at issue in the apartment building.

**COUNT I**
**SUBSTITUION OF POLICY-CANCELLATION**
**PLAINTIFF V. DEFENDANTS**

31. Nationwide incorporates herein by reference the allegations set forth within the foregoing paragraphs as if the same were fully set forth at length herein.

32. As noted above, Nationwide Tenant policy 54 37 HP 222984 was cancelled effective February 1, 2017.

33. The explicit and unambiguous cancellation request was presented to Nationwide by Defendant Ackermann in the following format.

```
                        CANCELLATION REQUEST
                        _____

Name:     Dietmar Ackerman
Address:  4400 Clifford Drive
          Hermitage, Pa 16101
                                    Insurance Co: Nationwide
                                    Agent: Smith Agency
                                    Phone: 412-927-1303
                                    Fax:   412-927-1309

Cancellation Date: 2/1/2015

Policies Included:
          Home     #5437HP222-984

Please cancel the above policies as of the stated cancellation date. I have
secured insurance through another insurance company, which will be placed
in force at the stated date.

Signature: Dietmar Ackerman          Date 1-7-15

           Dietmar Ackerman

          PLEASE CANCEL MY AUTOMATIC DEDUCTIONS
                       IMMEDIATELY !
```

34. Defendant Ackermann clearly requested that the EFT withdraws be terminated at that time.

35. Upon learning that the fund transfers and/or cancellation were not given effect by Nationwide, Nationwide satisfied Defendant Ackermann's request for reimbursement of all premiums from February 1, 2015 forward.

36. During the entirety of the timeframe after February 1, 2015 through the date of the fire, Defendant Ackermann had renters/tenant insurance with other carriers.

37. At the time of the loss in March 2018, Defendant Ackermann was insured by General.

38. Defendant Ackermann expressed his desire to cancel the Nationwide policy.

39. Defendant Ackermann's demand that the policy be cancelled and that payment be cancelled manifested his desire and intent to cancel the Nationwide policy years prior to the subject fire in March of 2018.

40. Pursuant to a well-established doctrine under Pennsylvania law, "cancellation by substitution" applies under the present circumstances as Nationwide's then insured cancelled the policy and substituted the same with another. *See Scott v. Southwestern Mut. Fire Ass'n.*, 436 Pa. Super. 242; 647 A.2d 587 (1993).

41. As a result, Nationwide Tenant policy 54 37 HP 222984 was cancelled prior to the loss of March 20, 2018 and has Nationwide believes and therefore avers that it need not provide any coverage for liabilities arising from the fire that occurred on March 20, 2018.

WHEREFORE, Plaintiff, Nationwide General Insurance Company respectfully requests this Honorable Court enter judgment in its favor and issue a Declaration declaring that Nationwide has no duty to provide coverage for any damages or liabilities arising from the fire that occurred on March 20, 2018 at 265 Ellis Avenue in Hermitage, Pennsylvania.

## COUNT II
## REFORMATION/RESCISSION
## PLAINTIFF V. DEFENDANTS

42. Nationwide incorporates herein by reference the allegations set forth within the foregoing paragraphs as if the same were fully set forth at length herein.

43. Nationwide's then insured, Defendant Ackermann, expressed a clear desire to cancel his policy.

44. The policy only remained open by the mistake of both Defendant Ackermann and Nationwide.

45. Payments of premiums occurred by automatic transfer due to the mistake of both Nationwide and Defendant Ackermann in failing to identify these continuing payments on his statement.

46. Nationwide mailed a copy of the policies on the dates of their reissues in 2015, 2016 and 2017.

47. After March 20, 2018 fire, and after Defendant Ackermann expressed his desire to receive a full reimbursement of any premiums paid under this Nationwide policy due to its prior cancellation, Nationwide reimbursed Defendant Ackermann in full.

48. Nationwide respectively argues that the Nationwide Tenant policy 54 37 HP 222984 should be reformed and/or rescinded such that it was not in effect on the date of the incident of March 20, 2018, and should have terminated on February 1, 2015 consistent with the request of Defendant Ackermann.

WHEREFORE, Plaintiff, Nationwide General Insurance Company respectfully requests this Honorable Court enter judgment in its favor and issue a Declaration declaring that Nationwide has no duty to provide coverage for any damages or liabilities arising from the fire that occurred on March 20, 2018 at 265 Ellis Avenue in Hermitage, Pennsylvania.

Respectfully submitted,
**THE MAYERS FIRM, LLC**

Dated: March 27, 2020

By: _____
JOSEPH B. MAYERS, ESQUIRE
Identification No. 40731
3031 Walton Road, Suite A330
Plymouth Meeting, PA 19462
610-825-0300
jmayers@themayersfirm.com
Attorney for Plaintiff

# VERIFICATION

I, _Kenneth Hoos_, am _Special Rep_ of Nationwide General Insurance Company, Plaintiff herein, and as such I am authorized to and do make this Verification. I hereby state that I have read the foregoing Declaratory Judgment Complaint, which has been drafted by counsel. The factual statements contained therein are true and correct to the best of my knowledge, information and belief. Although the language is that of counsel, and, to the extent that the content of the foregoing document is that of counsel, I have relied upon counsel in making this Verification.

I understand that the statements therein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

NATIONWIDE GENERAL INSURANCE COMPANY

Dated: 1-21-2020